**NOT FOR PUBLICATION**

```
                    UNITED STATES DISTRICT COURT
                       DISTRICT OF NEW JERSEY


WILLIAM SEYMOUR JONES,         :
                               :  Civil No. 04-3314 (DMC)
          Plaintiff,           :
                               :
     v.                        :
                               :      O P I N I O N
CORRECTIONAL HEALTH SERVICES,  :
et al.,                        :
                               :
          Defendants.          :
_____:
```

**APPEARANCES:**

    WILLIAM SEYMOUR JONES, Plaintiff, pro se
    # A-Y6223
    1111 Altamont Blvd.
    Frackville, PA 17931

**CAVANAUGH**, District Judge

    Plaintiff, William Seymour Jones ("Jones"), confined at S.C.I. Frackville in Frackville, Pennsylvania, seeks to bring this action in forma pauperis pursuant to 28 U.S.C. § 1915. Based on plaintiff's affidavit of indigence and his prison account statements, it appears that plaintiff is qualified to proceed as an indigent. Therefore, the Court will grant plaintiff's application to proceed in forma pauperis and direct the Clerk of the Court to file the Complaint without pre-payment of the filing fee.

    Having reviewed the Complaint to identify cognizable claims pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A, the Court

concludes that the Complaint should be dismissed for failure to state a cognizable claim under 42 U.S.C. § 1983, and for lack of diversity jurisdiction under 28 U.S.C. § 1332 with respect to plaintiff's state law tort claims.

## I.    BACKGROUND

Jones brings this civil rights action under 42 U.S.C. § 1983 as against the following defendants: Correctional Health Services, Inc. ("CHS"); CHS Doctors Catharine Sloan and Richard Grady; Dr. Greuiano Zara; Dr. Wynn; Ralph Green, Administrator at the Hudson County Corrections Center ("HCCC"); Mylan Pharmaceuticals, Inc.; Mylan Pharmaceuticals Inc. Medical Laboratories; Contract Health Services; Dr. Bader Maria Pedamonte; and Bio-Reference Laboratories.  (Complaint, Caption, ¶¶ 6-15a).  The following factual allegations are taken from the Complaint and are accepted as true for purposes of this review.

On December 13, 2002, Dr. Wynn prescribed Clonidine to Jones for his high blood pressure but did not warn or inform him that Clonidine could "cause diabetes and hypertitis".  (Compl., ¶ 17). From December 13, 2002 to September 2003, Drs. Wynn and Zara continued to prescribe Clonidine to Jones, but, with "deliberate indifference", failed to check blood and urine tests of plaintiff to see if he had acquired hypertitis and diabetes.  (Compl., ¶¶ 18-24).

In Count Two of his Complaint, Jones asserts that CHS failed to provide education, warnings, training and supervision to Drs. Zara and Wynn regarding the dangers of Clonidine and Keflex. (Compl., ¶¶ 25-26). He further asserts that Dr. Pedamonte failed to notify Dr. Wynn that Jones suffered from hypertitis and diabetes after having tested Jones on April 7, 2003. (Compl., ¶ 27). As to defendants, Drs. Grady and Sloan, Jones alleges that they were required as learned intermediaries to warn Drs. Zara and Wynn about the dangers of Clonidine. (Compl., ¶ 28).

Next, Jones claims that defendant Green failed to set policies and procedures for prescribing medications at HCCC, which caused plaintiff to get diabetes. (Compl., ¶¶ 29-30). He further alleges that CHS conspired with defendants, Drs. Wynn, Zara, Grady and Sloan, and Warden Green, Contract Health Services, and Mylan Pharmaceuticals to cause Jones to suffer hypertitis and diabetes by prescribing him Clonidine. (Compl., ¶ 31). The Mylan Pharmaceuticals defendants, as the manufacturers of Clonidine, had an obligation to warn plaintiff about the side effects of Clonidine in causing diabetes and hypertitis, which they failed to do. They failed to seek additional approval of the Food and Drug Administration ("FDA") necessary to warn plaintiff and the public that Clonidine caused diabetes and hypertitis. (Compl., ¶¶ 32-36).

Jones also asserts that Contract Health Services conspired with the other defendants to prescribe plaintiff with Clonidine. Finally, Jones alleges that Dr. Pedamonte and Bio Reference Laboratories conspired with the other defendants to administer and provide unacceptable blood tests, which failed to detect plaintiff's diabetes until May 2003. (Compl., ¶¶ 37, 38).

Jones complains that he suffers diabetes and hypertitis as a result of defendants "deliberate indifference". He contends that he faces future loss of his eyesight and limbs, has loss of sex drive, has nausea, nervousness, weakness, blurred vision, frequent urination, blurred vision, numbness, joint pain, and depression. (Compl., ¶ 40).

Plaintiff seeks compensatory, punitive, and prospective damages in excess of $21 million. He also seeks appointment of counsel.

## II. STANDARDS FOR A SUA SPONTE DISMISSAL

The Prison Litigation Reform Act ("PLRA"), Pub. L. No. 104-134, §§ 801-810, 110 Stat. 1321-66 to 1321-77 (April 26, 1996), requires a district court to review a complaint in a civil action in which a prisoner is proceeding in forma pauperis or seeks redress against a governmental employee or entity. The Court is required to identify cognizable claims and to sua sponte dismiss any claim that is frivolous, malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief from a

4

defendant who is immune from such relief.  28 U.S.C. §§ 1915(e)(2)(B) and 1915A.[1]

In determining the sufficiency of a pro se complaint, the Court must be mindful to construe it liberally in favor of the plaintiff.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972); United States v. Day, 969 F.2d 39, 42 (3d Cir. 1992).  The Court must "accept as true all of the allegations in the complaint and all reasonable inferences that can be drawn therefrom, and view them in the light most favorable to the plaintiff."  Morse v. Lower Merion School Dist., 132 F.3d 902, 906 (3d Cir. 1997).  The Court need not, however, credit a pro se plaintiff's "bald assertions" or "legal conclusions."  Id.

### III.  SECTION 1983 LIABILITY

Jones brings this action pursuant to 42 U.S.C. § 1983 alleging violations of his constitutional rights.  Section 1983 provides in relevant part:

> Every person who, under color of any statute, ordinance, regulation, custom, or usage, of any State or Territory ... subjects, or causes to be subjected,

---

[1]  Plaintiff should also be aware that the PLRA requires Courts to determine whether a prisoner has, on three or more prior occasions while incarcerated or detained in any facility, brought an action or appeal in federal court that was dismissed as frivolous, malicious, or for failure to state a claim upon which relief may be granted.  If so, the prisoner is precluded from bringing an action in forma pauperis unless he or she is under imminent danger of serious physical injury.  28 U.S.C. § 1915(g).  It appears that Jones has incurred one strike to date under 28 U.S.C. § 1915(g).  See Jones v. Shanklin, et al., Civil No. 03-cv-2553 (MLC).

>  any citizen of the United States or other person within
>  the jurisdiction thereof to the deprivation of any
>  rights, privileges, or immunities secured by the
>  Constitution and laws, shall be liable to the party
>  injured in an action at law, suit in equity, or other
>  proper proceeding for redress ... .

Thus, to state a claim for relief under § 1983, a plaintiff must allege, first, the violation of a right secured by the Constitution or laws of the United States and, second, that the alleged deprivation was committed or caused by a person acting under color of state law. West v. Atkins, 487 U.S. 42, 48 (1988); Piecknick v. Pennsylvania, 36 F.3d 1250, 1255-56 (3d Cir. 1994).

Here, Jones names Mylan Pharmaceuticals, Inc., Mylan Pharmaceuticals Medical Laboratories, and Bio-Reference Laboratories, as defendants in his § 1983 action. However, because they are not state actors or persons acting under color of state law, these defendants are not subject to liability under § 1983. Accordingly, plaintiff's § 1983 claims asserted against these defendants will be dismissed with prejudice.

### IV.   ANALYSIS

Construing the allegations of the Complaint most liberally for the pro se plaintiff, the Court finds that plaintiff alleges a § 1983 Eighth Amendment claim with respect to medical treatment, and state law tort claims of medical negligence and product liability with respect to the prescription of Clonidine.

A.   <u>Section 1983 Eighth Amendment Claim</u>

The Eighth Amendment's proscription against cruel and unusual punishment requires that prison officials provide inmates with adequate medical care.  <u>Estelle v. Gamble</u>, 429 U.S. 97, 103-04 (1976).  In order to set forth a cognizable claim for a violation of his right to adequate medical care, an inmate must satisfy an objective component and a subjective component.  He must allege:  (1) a serious medical need; and (2) behavior on the part of prison officials that constitutes deliberate indifference to that need.  <u>Id.</u> at 106.

The second element of the <u>Estelle</u> test requires an inmate to show that prison officials acted with deliberate indifference to his serious medical need.  "Deliberate indifference" is more than mere malpractice or negligence; it is a state of mind equivalent to reckless disregard of a known risk of harm.  <u>Farmer v. Brennan</u>, 511 U.S. 825, 837-38 (1994).  Furthermore, a prisoner's subjective dissatisfaction with his medical care does not in itself indicate deliberate indifference. <u>Andrews v. Camden County</u>, 95 F. Supp.2d 217, 228 (D.N.J. 2000); <u>Peterson v. Davis</u>, 551 F. Supp. 137, 145 (D. Md. 1982), <u>aff'd</u>, 729 F.2d 1453 (4th Cir. 1984).  Similarly, "mere disagreements over medical judgment do not state Eighth Amendment claims."  <u>White v. Napoleon</u>, 897 F.2d 103, 110 (3d Cir. 1990).  "Courts will disavow any attempt to second-guess the propriety or adequacy of a particular course

of treatment ... [which] remains a question of sound professional judgment." <u>Inmates of Allegheny County Jail v. Pierce</u>, 612 F.2d 754, 762 (3d Cir. 1979) (internal quotation and citation omitted). Even if a doctor's judgment concerning the proper course of a prisoner's treatment ultimately is shown to be mistaken, at most what would be proved is medical malpractice and not a constitutional violation. <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>, 897 F.3d at 110.

Here, Jones does not allege that the medical defendants and Warden Green failed to provide him with medical care. Instead, plaintiff merely asserts that the medical defendants prescribed him with Clonidine, which may cause a condition known as secondary diabetes. The medication Clonidine is typically prescribed for the treatment of high blood pressure. Plaintiff does not allege that the doctors continued to prescribe Clonidine after it was learned that he had developed diabetes.

These allegations sound in medical negligence at best, and do not rise to the level of a constitutional violation. Jones merely disagrees with the doctors' use of Clonidine to treat his high blood pressure because a possible side effect may be secondary diabetes. Thus, even if the doctors, CMS and Contract Health Services were wrong in prescribing Clonidine to Jones, at most what would be proved is medical malpractice and not a constitutional violation. <u>Estelle</u>, 429 U.S. at 105-06; <u>White</u>,

897 F.3d at 110. Accordingly, plaintiff's Eighth Amendment claim, which simply alleges medical negligence and not a deliberate indifference to plaintiff's medical needs, fails to state a cognizable claim under § 1983.[2]

Likewise, the claim against Dr. Pedamonte and Bio-Reference Laboratories, regarding the blood tests, fails to assert an Eighth Amendment violation. Jones merely alleges that the blood tests were inadequate and defendants failed to detect diabetes until five months after he had been prescribed the Clonidine. At most, the tests were allegedly defective. The allegations do not show that defendants deliberately refused to monitor plaintiff's medical condition. Therefore, this aspect of the medical care claim under § 1983 will be dismissed for failure to state a claim.

B. <u>State Law Tort Claims</u>

While the Complaint fails to state a § 1983 claim against any of the defendants, Jones may be able to establish a medical negligence claim against the defendant doctors, CMS and Contract

---

[2] While Jones liberally inserts the words "deliberate indifference" throughout the Complaint, it does not magically convert the allegations into an Eighth Amendment violation. The facts do not demonstrate deliberate indifference. The defendants were treating plaintiff for his medical needs. There is no factual assertion that the defendants denied any care or treatment for plaintiff's medical needs. Jones merely disagrees with the form of treatment, *i.e.*, the prescription of Clonidine, which was later stopped when it was discovered that he had developed secondary diabetes.

Health Services.³  Moreover, Jones asserts facts that may possibly establish a products liability claim against the Mylan Pharmaceutical defendants and Bio-Reference Laboratories.

Medical negligence and product liability are state law tort claims over which a federal court has no original jurisdiction unless diversity exists pursuant to 28 U.S.C. § 1332.  Federal courts are bound to determine whether they have jurisdiction even if none of the parties to an action have challenged the asserted bases therefor.  Packard v. Provident National Bank, 994 F.2d 1039 (3d Cir.), cert. denied sub nom. Upp v. Mellon Bank, N.A., 510 U.S. 964 (1993); Temple Univ. v. White, 941 F.2d 201 (3d Cir. 1991), cert. denied sub nom. Snider v. Temple Univ., 502 U.S. 1032 (1992); TM Marketing, Inc. v. Art & Antiques Assocs., L.P., 803 F. Supp. 994 (D.N.J. 1992).  If jurisdiction is lacking, the court must dismiss the action, regardless of the stage of the litigation.  Trent Realty Assocs. v. First Federal Sav. & Loan Ass'n, 657 F.2d 29, 36 (3d Cir. 1981); TM Marketing, supra, 803 F. Supp. at 997; Carney v. Dexter Shoe Co., 701 F. Supp. 1093, 1100 (D.N.J. 1988).  A court can take no measures to rectify a want of jurisdiction, because the lack of jurisdiction itself precludes asserting judicial power.  See First American Nat'l

---

³ Because Warden Green is not a medical professional, he cannot be held liable to plaintiff for any alleged medical negligence in the doctors' prescription of Clonidine.  Therefore, the Complaint will be dismissed in its entirety as to defendant Green for failure to state a cognizable claim.

<u>Bank v. Straight Creek Processing Co.</u>, 756 F. Supp. 945 (E.D. Va. 1991) (where diversity of parties is incomplete, court has no jurisdiction to consider plaintiff's motion to dismiss non-diverse defendants; rather, court must dismiss action for lack of jurisdiction).

This complaint does not meet the requirements for either federal-question jurisdiction under 28 U.S.C. § 1331 or diversity jurisdiction under 28 U.S.C. § 1332. Pursuant to 28 U.S.C. § 1331, Congress has established jurisdiction in the federal district courts over "all civil actions arising under the Constitution, laws, or treaties of the United States." As stated above, in Section IV.A, Jones fails to assert a cognizable claim under 42 U.S.C. § 1983, which would invoke § 1331 federal-question jurisdiction. His allegations of medical negligence and product liability present, at best, tort claims under state law. They do not present any claim for violation of federal statutory or constitutional law by a state actor. Thus, there is no basis for federal-question jurisdiction under 28 U.S.C. § 1331.

There also appears to be no basis for diversity jurisdiction under 28 U.S.C. § 1332. Jones does not allege jurisdiction based upon diversity of citizenship under 28 U.S.C. § 1332, and this Court can discern no basis for diversity jurisdiction. Section 1332 can provide jurisdiction over state-law claims if, in the provision pertinent here, such claims are between "citizens of

11

different States." It has long been recognized that, to found jurisdiction upon § 1332, there must be complete diversity among all parties, i.e., each plaintiff must be a citizen of a different state from each defendant. <u>Owen Equipment and Erection Co. v. Kroger</u>, 437 U.S. 365 (1978). In particular, if a sole plaintiff and any one of several defendants are citizens of the same state, complete diversity is lacking and the action would have to be dismissed for lack of jurisdiction. <u>Id.</u>

In the present case, Jones asserts that all defendants are located in New Jersey and West Virginia, with the exception of Contract Health Services, which is located in Hatboro, Pennsylvania. Jones is domiciled in Pennsylvania. Thus, based upon the allegations of the Complaint, diversity of citizenship is lacking. Federal jurisdiction under 28 U.S.C. § 1332 consequently is lacking.

The Court is mindful that Jones appears here as a <u>pro se</u> plaintiff and therefore his complaint is to be held to less stringent standards than formal pleadings drafted by lawyers. <u>Haines v. Kerner</u>, 404 U.S. 519 (1972). Nonetheless, the Court can discern no basis for asserting jurisdiction over this action. "The person asserting jurisdiction bears the burden of showing that the case is properly before the court at all stages of the litigation." <u>Packard v. Provident Nat'l Bank</u>, <u>supra</u>, 994 F.2d at 1045. For a court properly to assume jurisdiction over an action

under § 1332, complete diversity must be apparent from the pleadings.  Neat-N-Tidy Co., Inc. v. Tradepower (Holdings) Ltd., 777 F. Supp. 1153 (S.D.N.Y. 1991) (complaint dismissed for lack of diversity jurisdiction where corporate plaintiff failed to allege its own and defendant corporation's principal places of business).  Thus, in the present case, where the complaint affirmatively pleads plaintiff's and defendant Contract Health Services' common Pennsylvania citizenship, dismissal for lack of jurisdiction is proper.  See Joyce v. Joyce, 975 F.2d 379 (7th Cir. 1992) (affirming district court's sua sponte dismissal for lack of subject-matter jurisdiction where jurisdictional defect was incurable).

## V.   CONCLUSION

For the reasons stated above, the Complaint will be dismissed in its entirety, pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii) and 1915A(b)(1), as against all defendants for failure to state a cognizable claim under 42 U.S.C. § 1983, and for lack of diversity jurisdiction under 28 U.S.C. § 1332 with respect to the state law tort claims.  Plaintiff's application for appointment of counsel will be denied as moot.  An appropriate Order follows.

 S/ Dennis M. Cavanaugh
DENNIS M. CAVANAUGH
United States District Judge

DATED: May 4, 2005