NOT FOR PUBLICATION

## UNITED STATES DISTRICT COURT
## DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| WILLIAM SEYMOUR JONES, | : | **Hon. Dennis M. Cavanaugh** |
| Plaintiff, | : | **OPINION** |
| v. | : | Civil Action No. 04-3314 (DMC) |
| CORRECTIONAL HEALTH SERVICES, et al., | : | |
| Defendants. | : | |

DENNIS M. CAVANAUGH, U.S. District Judge:

     This matter comes before the Court upon various motions filed by William Seymour Jones ("Plaintiff") for Reconsideration pursuant to Federal Rule of Civil Procedure 59(e). Plaintiff seeks reconsideration of this Court's May 6, 2005, Opinion and Order dismissing his Complaint for failure to state a cognizable claim under 42 U.S.C. § 1983, and for lack of diversity jurisdiction under 28 U.S.C. §1332 with respect to Plaintiff's state tort law claims. Pursuant to Rule 78 of the Federal Rules of Civil Procedure, no oral argument was heard. After carefully considering the submissions of Plaintiff, and based upon the following, it is the finding of this Court that Plaintiff's motions are **denied**.

## I. Background

     The facts of this matter are described in detail in this Court's May 6, 2005, Opinion. Plaintiff filed a Motion for Reconsideration on May 16, 2005, and again on August 8, 2005. Plaintiff also filed a motion for this Court to take judicial notice of certain Federal Court

decisions on June 13, 2005.

## II. Discussion

### A. The Standard for Reconsideration

Under Rule 59 of the Federal Rules of Civil Procedure, a plaintiff must satisfy a high standard to have a judgement altered or amended.  In North River Insurance Co. v. CIGNA Reinsurance Co., 52 F.3d 1194, 1218 (3d Cir. 1995), the Court stated that a Rule 59 motion for an amended judgment must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence that was previously unavailable; or (3) the need to either correct a clear error of law or prevent a manifest injustice.  A motion for reconsideration is regarded as "the functional equivalent of a Rule 59 motion. . . to alter or amend judgment." Venen v. Sweet, 758 F. 2d 117, 122 (3d Cir. 1985).

### B. Local Rule 7.1

Although Rule 59 allows for a judgment to be altered, there is no express provision in the Federal Rules of Civil Procedure for a judicial decision to be reconsidered.  United States v. Compaction Sys. Corp., 88 F. Supp. 2d 339, 345 (D.N.J. 1999) (Hedges, U.S.M.J.).  However, in this District, Local Rule 7.1(g) creates a specific procedure by which a party may, within 10 days of the entry of an order, ask either a District Judge, or a Magistrate Judge, to take a second look at any decision "upon showing that dispositive factual matters or controlling decisions of law were overlooked by the court in reaching its prior decision." LITE, N.J. FEDERAL PRACTICE RULES, Comment 6 to L. Civ. R. 7.1(g) (GANN 2002 ed.).  Consequently, Local Rule 7.1(g) of the Local Rules of Civil Procedure, rather than Rule 59 of the Federal Rules of Civil Procedure, governs motions for reconsideration filed in the District of New Jersey.  Compaction Sys. Corp., 88 F. Supp. 2d at 345.

Relief by way of a motion for reconsideration is an "extraordinary remedy" only be granted "very sparingly." NL Indus. Inc. v. Commercial Union Ins., Co., 935 F. Supp. 513, 516 (D.N.J. 1996); Maldonado v. Lucca, 636 F. Supp. 621, 630 (D.N.J. 1986) (Brotman, U.S.D.J.). Local Rule 7.1(g) does not contemplate a recapitulation of arguments previously considered by the court in rendering its decision. Bermingham v. Sony Corp. of Am., Inc., 820 F. Supp. 834, 856 (D.N.J. 1992) (Lechner, U.S.D.J.), aff'd, 37 F.3d 1485 (3d Cir. 1994). Stated more simply, a motion for reconsideration is not an appeal. It is improper for a motion for reconsideration to "ask the court to rethink what it ha[s] already thought through – rightly or wrongly." Oritani Sav. & Loan Ass'n v. Fidelity & Deposit Co., 744 F. Supp. 1311, 1314 (D.N.J. 1990) (Ackerman, U.S.D.J.). Rule 7.1(g) permits reconsideration only when "dispositive factual matters or controlling decisions of law" that were previously presented to the court were overlooked. Resorts Int'l v. Great Bay Hotel and Casino, 830 F. Supp. 826, 831 (D.N.J. 1992); Khair v. Campbell Soup, Co., 893 F. Supp. 316, 337 (D.N.J. 1995) (Irenas, U.S.D.J.).

### C. Plaintiffs' Failure to Meet the Standard for Reconsideration

Here, the Plaintiffs' motion fails to show that this Court "overlooked" any of the above listed points. Instead, Plaintiffs are improperly using a Rule 59 motion as a vehicle to reargue their claims. An argument is not deemed overlooked because it is not specifically addressed in a court's opinion. Eichorn v. AT&T Corp., No. Civ. A. 96-3587 (MLC), 1999 WL 33471890 (D.N.J. Aug. 23, 1999) (Cooper, U.S.D.J.). An argument may be regarded as having been considered if it is presented to the court in written submissions and in oral argument. Id.

This Court did not overlook any of the Plaintiff's claims. To the contrary, this Court carefully reviewed and considered each and every allegation in the Plaintiff's Complaint. The Plaintiff's claims in his Motions for Reconsideration, originate from the same facts that gave rise

to the previously dismissed actions. This Court already examined the Plaintiff's claims and found Plaintiff did not have any cognizable claims under 42 U.S.C. § 1983 and that diversity jurisdiction did not exist under 28 U.S.C. § 1332 in regard to Plaintiff's state tort law claims. This Court rendered a decision on both issues. The Plaintiff has failed to demonstrate that this Court overlooked any dispositive factual matters or controlling decisions of law on either of these claims.

### III. CONCLUSION

For the reasons stated, it is the finding of this Court that Plaintiff's motions for reconsideration are **denied** and Plaintiff's motion for this Court to take judicial notice of certain Federal Court decisions is also **denied.** An appropriate Order accompanies this Opinion.

 S/ Dennis M. Cavanaugh
Dennis M. Cavanaugh, U.S.D.J.

Date:       October 26, 2005
Original:   Clerk's Office
Cc:         All Counsel of Record
            The Honorable Mark Falk, U.S.M.J.
            File